## H. & T. C. R'y Co. v. J. F. Wilson.

### (Case No. 3366.)

1. NEGLIGENCE.— When the statute requires an act to be done, a failure to do it is negligence *per se*, and will be so declared as matter of law. In the absence of a statute requiring one about to cross a railway track to stop and listen for an approaching train, it cannot be declared as matter of law that a failure to do so would constitute negligence in one who, in attempting to cross the track, was injured by a train of whose approach he was not aware.

2. SAME.— A failure to ring the bell or sound the whistle for a distance of eighty rods before an engine crosses a public road is, as matter of law, negligence. Where a railway company failed to do this, and its cars were standing on a side track so as to obscure the view of an approaching train, whereby one attempting to cross the track was injured and disabled from work for a year, it was held that a judgment for $1,000 was not excessive.

ERROR from Collin. Tried below before the Hon. R. R. Gaines.

Suit against the railroad company to recover damages for personal injuries, the killing of a horse and the destruction of a wagon. The case as made was that, about the 20th day of August, 1875, plaintiff was driving his wagon along a public highway, which crossed the railroad track in the city of McKinney; that on the side from which he approached the track it was obstructed by freight cars standing on the siding; that he looked and listened for an approaching train before he undertook to cross, but neither saw nor heard any. About the time he was on the main track the engine struck his wagon, utterly destroying it, and killing one horse, also injuring himself severely about the head and shoulders; that there was no bell rung or whistle sounded by those operating the train, until just about the time of the collision.

The defense mainly relied on was that Wilson by his negligence contributed to the injury. Verdict and judgment for Wilson for $1,000.

The errors assigned and relied upon were: (1) that the court erred in refusing instructions asked; (2) the verdict was not supported by the evidence, and was excessive.

*R. De Armond*, for plaintiff in error.

*Throckmorton, Brown & Bro.*, for defendant in error.

WATTS, J. COM. APP.—Plaintiff in error insists that the court erred in refusing to give certain instructions to the effect that if the defendant in error was not in a position to see whether there was

an approaching train, that then it was his duty to stop his wagon and listen for such trains before undertaking to make the crossing; and a failure to do this would preclude a recovery by him for any injury received, notwithstanding those operating the train were negligent in omitting to ring the bell or sound the whistle.

The court had instructed the jury that it was the duty of defendant in error, before attempting to cross the railroad track, to use the ordinary and proper precautions appropriate to the situation, and to look out and listen for approaching trains; and that a failure to do this would constitute concurrent negligence, and preclude a recovery by him.

As will be seen, the real distinction in the instructions given and those refused is that by the latter the defendant in error was required, before attempting the crossing, to *stop* his wagon so as to listen and look out for approaching trains.  Plaintiff in error cites two cases from Pennsylvania in support of the proposition embodied in the refused charges — the Pittsburg, Fort Wayne & Chicago R. R. Co. *v.* Dunn, 56 Pa. St., 280, and the Lehigh Valley Railroad Co. *v.* Hall, 61 Pa. St., 361.  In the first, the court below charged the jury that "when a traveler on a public highway approaches a public crossing, it is his duty to stop and look out and listen for trains before going upon the track, and, if he fails to do so, such failure is not merely evidence of negligence, but the law declares it to be negligence," etc.  No point was made in the supreme court upon that branch of the charge, and therefore no comments were made by that court with respect to the point.  However, in the other case, the court remarked that, "It is true that it was the duty of the deceased, before attempting to cross the railroad, to stop and look both ways and listen for approaching trains."  Doubtless the statute then in force in that state prescribed these precautionary measures; for, in the absence of statute, the question of negligence is one of fact to be determined from the evidence in each particular case.

It is a familiar and general rule, that, where the statute requires an act to be done, a failure to do it as required is negligence *per se;* that is, it will be so declared as a matter of law.

Our statute does not require persons approaching a public crossing on a railroad track to *stop* and listen and look out for approaching trains.  Therefore, it would be incorrect for the court to instruct the jury that a failure to do so would constitute negligence.

Our statute requires that those operating trains shall, in approaching a public crossing, ring the bell or sound the whistle for a distance of eighty rods from the crossing, and enforces this command with a

penalty of fifty dollars; besides makes the company liable for all damages occasioned by the omission. A failure, therefore, to ring the bell or sound the whistle as required is, as a matter of law, negligence. But it should be remarked that a liability does not attach to every act of negligence *per se;* such liability only attaches when the injury results from the negligence.

As before remarked, our statute does not require of those approaching a public railroad crossing to *stop* and look, and listen for passing trains, before attempting to make the crossing. Then whether a failure to do so would or not constitute negligence is a question of fact, and to be determined by the jury from the facts and circumstances of each particular case.

Persons approaching such crossings should exercise due care to ascertain whether there are trains approaching so as to render passing the track hazardous. The criterion furnished by the law for ascertaining the measure of such care is that which would be exercised by a reasonably cautious and prudent person under like circumstances.

It is a mistake to suppose that railway companies have the exclusive right to public crossings. There the duties of the company and the public are reciprocal, and the rights of each restricted by public necessity and convenience. While the public, in the exercise of the right to pass the railway track at such points, must use proper precautions to avoid injury from passing trains, so also those operating trains are required to use proper precautions to avoid inflicting injury upon those crossing the track.

In this case, upon a conflict of evidence, the finding of the jury affirms that those operating the train omitted either to ring the bell or sound the whistle as prescribed by the statute; also that there were freight cars standing on the siding to the east of the main track, and which obstructed the view of the main track from the direction that defendant in error approached the crossing. And we think the verdict is in these particulars supported by the evidence.

Then this is the attitude of the case: Those operating the train omitted either to ring the bell or sound the whistle; and besides, the company was negligent in permitting the freight cars to be so left on the siding as to obstruct the view of the main track. While defendant in error did look and listen for approaching trains before he undertook to make the crossing, as testified to by himself and affirmed by the finding of the jury, he had a right, under the circumstances, to rely upon the performance of the acts required by the statute of those operating trains. And he would not be expected

to anticipate such culpable negligence as an omission to ring the bell or sound the whistle. He might, under the circumstances, have assumed that, if the train was approaching, either the bell would be ringing or the whistle sounding. See Strong v. Placerville R. R. Co., American and English R. R. Cases, vol. 8, p. 273.

He had the right to rely upon and expect the performance of this duty by the employees of plaintiff in error. And it does not appear but that, if the law had been complied with in this respect, defendant in error would have heard the approaching train and avoided the injury. It cannot be said that it appears from the evidence that defendant in error upon that occasion failed to exercise that degree of care and caution that would, under like circumstances, have been exercised by a reasonably prudent person. Plaintiff in error claims that the verdict is excessive, and for that reason should be reversed. There is evidence in the record to the effect that defendant in error was severely injured about the shoulders, from which he was disabled and could not labor for nearly a year; also, that he was confined to his bed for five or six weeks, during which time he suffered from severe pains, and still suffers occasionally from the injury. It also appears that his wagon was destroyed and one horse killed by the collision. We are of the opinion that the verdict is not excessive, and, from a view of the entire record, that the judgment ought to be affirmed.

AFFIRMED.

[Opinion adopted February 9, 1883.]