# G. H. & S. A. RAILWAY CO. vs. J. K. DAVIDSON.

### SUPREME COURT, GALVESTON TERM, 1884.

*Charge of the court.*—Note in the opinion, a charge of the court in an action against a railroad for damages, held error, in as much as it assumed the existence of an issue in the case, and to that extent was a charge upon the weight of evidence. Note also that error was of character that could be cured by a charge which was abstractly correct.

A charge of the court which asserts, in effect, that it was negligence on the part of the company's porter to close the car doors without giving notice and warning, is error. And the use of the phrase "forcibly closed the door" was error.

Appeal from Colorado County.

*E. P. Hill* for appellant.

*Kennon & Townsend* for appellee.

Opinion by West, J.

We are of the opinion that the court committed a serious error, and one quite prejudicial to the rights of the appellant in giving charge No. 1 at the instance of appellee.

This charge was as follows : "If the jury find from the evidence that the plaintiff was lawfully upon defendant's train as a passenger, and that in attempting to enter one of the carriages of said train the porter upon said train forcibly closed the door of the car upon the finger of plaintiff, whereby it was injured, and that said door was closed without any warning, and that the plaintiff was not guilty of contributory negligence, then the plaintiff would be entitled to recover the actual damages proven, including compensation for physical and mental suffering resulting from the injury and his loss of capacity to earn money since the infliction of the injury and in the future."

The charge was not free from objection in that it practically assumed or seems to assume as a fact one of the issues raised in the case. To that extent it was nearly equivalent to a charge on the weight of evidence, in effect. Whether or not the appellee was in the act of entering the smoking car, attempting to enter it when he was injured, was one of the disputed questions in the case and one which we regard under the facts disclosed as of considerable importance. Where the appellee was, when the injury was inflicted and, what he was doing at the time were matters calculated to throw a good deal of light

on the case.   The record  too shows that both parties  regarded this subject as of some importance, the one endeavoring to show that he had in fact been on appellant's train only a very short while before being injured, and had been during all that time  endeavoring from the first to make his way through the first class car, which was crowded, to the door of the smoking car for the purpose of obtaining a seat there.   On the contrary the appellant was endeavoring to show by evidence that the appellee was not, at the time  the injury was received, attempting to enter the smoking car, but on the contrary that since he had entered the train it had traveled at least two miles, and that the day was so far spent that the porter was just getting ready to light the lamps in the ladies' car, and that the appellee so far from being in the act of entering or attempting to enter the smoking car, that being then only a mile from his place of destination, he was standing on the platform of the smoking car engaged in smoking a cigar with his hand placed by him negligently and carelessly in such a position that it must necessarily be injured when the car door was closed.

The evidence of the appellant himself was to the effect that he was engaged in smoking a cigar when the injury was received.

The porter also swore that the appellant was on the platform in the act of lighting a cigar when he was hurt.

Under the particular circumstances of this case the court erred in giving the instruction now under consideration.

The appellee in his brief on this point seems to concede, at least partially, that the charge in question was liable to some criticism. He urges however that it was cured by the action of the court in giving the jury, at the request of appellant, a charge to the effect that, "unless the jury believe that the porter of the car knew that plaintiff's finger was in such a position as that it would get mashed when he shut the door and when the injury was inflicted they cannot find for the plaintiff."

This view of the matter is certainly not without force, but we are of the opinion that the error in this instance was too serious to be thus remedied.

The instruction under consideration was also objectionable for another reason.

It asserts in effect that it is negligence on the part of appellant for its porter to close the doors of appellant's cars without giving

warning of the fact in advance. Unless there is some special reason for giving notice or warning we are aware of no principal of law that in such cases requires it to be done. It is sufficient, generally, if the door of the car is open and shut with usual and proper care in the ordinary way, without any public warning, or parade, or ado over the matter. No warning to the passengers is necessary unless there may exist some special reason for giving notice. It was certain that the porter on this occasion had given no warning in the sense in which the jury understood the term, and this portion of the charge was wrong and well calculated to prejudice the rights of the appellant and mislead the jury.

Further, the phrase used in the charge "forcibly closed the door" was calculated to confuse the jury. The appellee contends that this word *forcibly* means in this connection *knowingly*. We do not think so and are of the opinion that the instruction under the facts of the case, taken as a whole is quite objectionable.

The instruction we have been considering seems to have been copied in substance from Mr. Underhill's commentary in his work on Torts on the case of Fordham vs. L. B. & S. C. R. Co. Law Rep. 4 Vol. C. P. p. 619.

The court and counsel at the trial evidently did not have that case before them.

It differed in many of its features from the one in hand. It seems from the facts of that case that the door of the railway carriage where the injury was received was on the side, and not in the rear of the car. It also appears in that case that the injury was received at night; that near the door there was not, as there should have been, a handle attached to the side of the car to aid passengers in getting on the cars. It also appears that the passenger finding no handle to hold to was forced to put his left hand on the back of the door to aid him in getting up, having at the same time a bundle or parcel in his right hand. Before he had completely entered the carriage, and when he could be plainly seen by the railway guard, without giving him any previous warning the guard forcibly closed the door and crushed his hand between the back of the door and the door-post. It would seem that the door was possibly a sliding door, and did not open and shut on hinges as the doors do on appellant's carriages. The court held in that case that in as much as the passenger had been invited to enter the car he had right to do so; that the failure

to have a handle near the door for the use of the passenger in getting on the train was negligence on the part of the railroad company. Further that in the absence of such handle and in consideration of the darkness the passenger could not be said to be guilty of negligence, under the circumstances, in having his hand where it was at time of the injury. The facts vary materially in several respects from the case under consideration, and a charge as to the forcible closing of the door without warning that might be applicable in one case would not apply to another where a different state of facts existed.

In view of this error of the court the appellant cannot be said to have had a fair trial. Without intimating any opinion as to the nature of the case as disclosed by the evidence we may venture to make an observation or two with the view to aid in a final disposition of the case on the next trial in a more satisfactory manner.

Mr. Thompson in his work on Carriers of Passengers, p. 264, lays the rule down on this subject as follows : "A passenger cannot be said to be in the exercise of due care who voluntarily and unnecessarily places his hand upon the framework of the door of the carriage so that when the door is closed it must be inevitably crushed."

The case of the Metropolitan R. R. Co. vs. Jackson, 3 App. Cas. 193, also cited by Mr. Thompson in the above named work on the same page (264) may be profitably examined in this connection.

For the error above indicated the judgment is reversed and the cause remanded.