Opinion by
Willson, J.
§ 203. Damages; proximate and remote; general rule as to. “ A long series of judicial decisions, in actions for negligence, has defined proximate and direct damages to be the ordinary and natural results of the negligence, such as are usual, and as therefore might have been ex *162 pected, and this includes in the category of remote damages such as are the result of an accidental or unusual combination of circumstances, which would not be reasonably anticipated, and over which the negligent party has no control. But there can be no fixed and immediate rule upon the subject that can be applied to all cases. Much must, therefore, as has been often said, depend upon the circumstances of each particular case.” [2 Thompson on Neg. p. 1083.] “Whoever does a wrongful act is answerable for all the consequences that may ensue, in the ordinary and natural course of events, thbugh such consequences be immediately and directly brought about by intervening causes, if such intervening-causes were set in motion by the original wrong-doer.” [2 Thompson on Neg. p. 1084; Addison on Torts, 5.] “Where there is no intermediate efficient cause, the original wrong must be considered as reaching to the effect and proximate to it.” [Meld on Damages, 705.] In this case the petition alleges that the plaintiff was driving- a pair of horses attached to a hack across defendant’s railroad at the crossing of a road; that a train and engine passed said crossing just at that time, and so frightened his horses that they ran away, overturned the hack, threw him out, and thereby caused him damage, etc.; that said injuries were caused by the negligence of defendant’s employees in operating said train; that, without ringing the bell, blowing the whistle or giving any other warning, the train rapidly approached the crossing, and the noise thereof so frightened the horses that they ran away, etc. Held, that the damages claimed under this state of facts, for the personal injuries received by the plaintiff, and for the injuries done to his horses, hack and harness, were not remote, but were direct and proximate. There was no intermediate cause producing or assisting to bring about the injuries complained of, but, on the contrary, these injuries, as alleged, were the direct, immediate and proximate results of defendant’s servants in operating the train. [M. C. C. Co. v. R. R. *163 Co. 109 Mass. 277; 2 Thomp. on Neg. 1079 and notes; R. R. Co. v. Barnett, 59 Pa. St. 259; W. & W. Con. Rep. § 655.]
§ 204. Public road; estoppel. Where a railroad company had for several years recognized and maintained a road crossing over its line of railway, as a crossing for the public, it was held to be estopped from setting up as a defense that the road was not a public road. Under these circumstances, the road will be considered a public road within the meaning of the statute upon this subject. [E. S. art. 4232, as amended by act of 18th Leg., Pamphlet Laws, p. 28; W. & W. Con. Rep. §§ 81, 862.]
§ 205. Signals; failure to give is negligence per se. It is incumbent upon those operating railroad trains to ring the bell, or blow the whistle upon approaching, with a train, a crossing of a public road, and a failure to do so is negligence per se. [R. R. Co. v. Wilson, 60 Tex. 142; W. & W. Con. Rep. § 860.]
§ 206. Negligence; liability for, of railroad company, in approaching a road crossing. Independently of the statute, the railroad company is liable for negligence in approaching its trains to a public road crossing. It is as clearly the duty of a railroad company, as it is of a natural person, to exercise its rights with a considerate and prudent regard for the rights and safety of others. It is no excuse or justification that the act occasioning the injury was in itself lawful, or that it was done in the exercise of a lawful right, if the injury arose from the negligent manner in which it was done. If danger to the person or property of others, at any point, may be reasonably apprehended, or is likely to result from tho running of trains without notice, it is the duty of the company to give notice, although there be no provision of the statute requiring it. [R. R. Co. v. Barnett, 59 Pa. St. 259; Thomp. on Neg. 1239.]
§ 207. Contributory negligence; rules as to persons approaching a crossing. Our statute does not require of those approaching a public railroad crossing to stop and *164 look and listen for passing trains before attempting to make the crossing. Persons approaching such crossings, however, should exercise due care to ascertain whether there are trains approaching. The measure of such care is, that which would be exercised by a reasonably cautious and prudent person under like circumstances, [R. R. Co. v. Wilson, 60 Tex. 142; W. & W. Con. Rep. §§ 137, 419, 860.]
May 10, 1884.
§ 208. Same; burden of proof of; insufficient evidence of. Negligence will not be presumed, but must be proved, and the onus of proving it rests upon the party affirming it. [W. & W. Con. Rep. § 370.] In this case the evidence failed to establish contributory negligence on the part of the plaintiff. It was shown that, owing to obstructions arising from the topography of the locality, he could not have seen the approaching train, and it was not shown that he could have heard it, nor was it shown that in any way he neglected to use reasonable caution and prudence in approaching the crossing.
§ 209. Negligence; is a question for the jury to determine. Negligence is always a question for the jury to determine, when there is any doubt as to the facts, or as to the inferences to be drawn from them. [2 Thomp. on Neg. 1239.]
Affirmed.