Opinion by
Will-son, J.
§ 506. Debtor may prefer one creditor to another; this rule is applicable where the wife is a creditor of the husband; case stated. J. P. Hervey, the husband of appellee, was indebted to appellants, and they sued out an attachment in Bexar county against his property, directed to the sheriff of Washington county, which writ was levied by said sheriff upon certain drugs as the property of J. P. Hervey, and the same were claimed by appellee as her separate property, and, upon the trial of the right thereto, in the county court of Washington county, judg *455 ment was rendered in her favor, establishing her claim to said property, and from that judgment this appeal is prosecuted. The case was tried by the judge without a jury, and his conclusions of facts and of the law are as follows: Of the facts, in substance, 1st. That J. P. Hervey was indebted to his wife the sum of $1,100 for her separate money, which she loaned to him in 1882. 2d. That in 1883 her said husband transferred to her in San Antonio, in part payment of said indebtedness, the property in controversy. 3d. That said property was thereafter shipped to Brenham, in Washington county, and was there levied upon under plaintiff’s attachment. Upon these facts, his conclusion of law is that the property, when levied upon, was the separate property of the claimant, and was not subject to plaintiff’s debt.
Without discussing in detail the evidence before us, we are of the opinion that the conclusions of fact are sustained by the proof. It is true that the separate money of the claimant, originally owned by her, underwent several mutations during a period of several years, still it is clearly and satisfactorily traced and identified to the money which she loaned her husband in 1883, and which he invested in the drug business in San Antonio. This being shown, a bona ficle indebtedness from the husband to the wife was proved, and she being one of his creditors, he had the right to prefer her to his other creditors and to transfer to her this property in payment or part payment of said indebtedness. She Occupies, in this respect, as favorable a position as any other creditor. [Cox v. Miller, 54 Tex. 16.] Such a transfer, if valid, made the property her separate property.
§ 507. Fraudulent transfer of property; when transfer to a creditor is not fraudulent; different rule as to a purchaser tvho is not a creditor. It is insisted by appellants’ counsel that the transfer of the property from Hervey to his wife was fraudulent; that it was made for the purpose of hindering, delaying and defeating appellants in the collection of their debt, and that appellee ha,d notice *456 of such fraudulent intent on the part of her husband at the time of said transfer. The judge found against this view, and held the transfer to be bona fide, and his finding, we think, is not contradicted, but is supported by the evidence. The goods were boxed up in San Antonio, and stood there, with a mercantile firm, in the name of the claimant, and there remained for a period of two months prior to their shipment to Brenham. Mrs. Hervey knew that her husband owed some debts, but did not know that he was insolvent, nor is the evidence very clear that when he made this transfer he was insolvent. Beyond this knowledge on her part, there is no evidence to show that she knew, or had reason to suspect, that the purpose of the Conveyance was fraudulent. Even had she known that her husband was insolvent, this of itself would not vitiate the conveyance to her. ‘ ‘ A creditor may, if he acts bona fide and with the sole purpose of securing his debt, receive property in payment of a debt due, if the transfer be openly made, and no more property be taken than may be reasonably required to discharge the debt; and this, although the creditor may know at the time of the transfer that he will prevent other creditors from enforcing their claims, and that the debtor is .prompted in making 'such preference payment by motives of friendship.” A more stringent rule, however, applies to a purchaser who is not a creditor. [Greenleve, Block & Co. v. Blum, 59 Tex. 124; Traylor v. Townsend, 60 Tex. 144.]
January 14, 1885.
Affirmed.