Opinion by
Willson, J.
§691. Sleeping car company; liability of, for baggage; rules as to; case stated. Appellant was a passenger upon a railroad train to which was attached one of appellee’s sleeping cars. At night he went into the sleeping car carrying with him his valise, which contained clothing, etc., of the alleged value of $300, and he paid for a berth in said car, placed his valise in the aisle at the entrance to the smoking roo,m, retired to his berth near by and went to sleep. When he awoke in the morning his valise was gone. He brought this suit to recover the value of said valise and its contents, alleging that the same were lost or stolen on account and by reason of the failure and neglect of the servants and agents of appellee to keep proper and sufficient watch during the night while passengers slept. Appellee pleaded the general denial, and specially, in substance, that it only manufactured the sleeping cars and hired them to railroad companies for use by them; that in hiring its cars to railroad companies, it reserves the right to furnish railroad passengers, for a stated pricé, the use of seats, or sleeping berths; that it was not engaged in the business of running cars for the transportation of passengers, and was not a common carrier, or an insurer of the lives or baggage of passengers or occupants of its cars rented to said railroad companies; that it had no place in its cars to carry baggage, and its agents and employees are especially instructed not to receive baggage, parcels, wearing apparel, etc., on account of the company, and to receive no pay for the care or custody of baggage; that it does not assume the care or custody of baggage, or receive pay for same, but only receives pay for its seats or sleeping berths; that it furnished reliable servants to attend to the wants of passengers and to look after baggage, and if said valise was *608 stolen at all, it was stolen by a fellow passenger of plaintiff in a manner that could not be guarded against, and defendant is not liable; plaintiff knew the uses and regulations of sleeping car companies, and knew that only one porter and one conductor attended to a car, and that the doors of the car could not be kept locked, but had to remain unlocked, so that trainmen, employees of the ijailroad, might pass into and through the car; and that plaintiff, with a knowledge of these facts, assumed the exclusive custody of his valise, and did not consult or advise with the conductor or porter of said car; that a baggage car was attached to the train, in which plaintiff could have placed his valise, but instead of doing so, upon retiring, he placed the same near the smoking room, away from his berth and unprotected, and that with ordinary care he could have placed it near his berth, where it would have been reasonably safe; that said acts and doings of plaintiff were such as to constitute contributory negligence, and that through such negligence plaintiff’s valise was lost. A trial of the case resulted in a verdict and judgment for appellee, the defendant in the suit. Held: While it is well settled that sleeping car companies are to be regarded neither as inn-keepers nor common carriers, nor subject to the onerous liabilities of either in respect of the property of those enjoying their accommodations, it is equally well settled that it is their duty to exercise ordinary care for the security of passengers’ valuables; and what is ordinary care must be measured with reference to the danger reasonably to be apprehended. Such danger is greater at night, while the passenger is asleep, than in the day-time, when he is awake and can care for himself. The invitation to make use of the berth carries with it an invitation to sleep, and an implied agreement to take reasonable care of the guest’s effects while he is asleep. A failure to use ordinary care proportionate to the danger reasonably to be apprehended would be negligence, which would ordinarily render such a company liable for the loss of the pas *609 senger’s property. [Thompson’s Carriers of Passengers, p. 530, § 20; Pal. Car Co. v. Gardner, 16 Am. & Eng. R. R. Cases, 324.] Appellant’s right to recover in this action depends upon the want of ordinary care on the part of appellee to protect the valise and its contents against loss. It devolved upon him to prove such want of care. Failing to make such proof he could not legally recover.
§ 692. Negligence; evidence insufficient to show. After a careful examination of the evidence we are of opinion that it fails to show any negligence whatever on the part of those in charge of the sleeping car. On the contrary, it shows that a watch was maintained by them in the car during the whole of the night. The conductor was on watch until 3 o’clock A. M., and when he went off duty, the porter went on duty as watch, and both testify that they were unusually careful on that night because of the fact that the company’s inspector was on the car. Appellant went upon the car between 12 and 1 o’clock at night. He did not leave his valise in charge of any servant or employee of the company, nor did he call the attention of the conductor or porter to the fact that he had a valise. He placed his valise in the aisle near the smoking room, and immediately retired to his berth. He had traveled a great deal on sleeping cars, and knew that passengers thereon usually placed their baggage under their berths, and that the employees in charge of such cars did not take charge of baggage. Such cars are not provided with any place for the reception of baggage, and the employees in charge of such cars are not allowed by the regulations of the companies to take charge of baggage. We think that appellant failed to show any negligence on the part of appellee, and hence failed to establish any cause of action.
§ 693. Charge of court; should not specify particular acts or omissions as constituting negligence. In the absence of a law defining the acts or omissions which, in a given case, constitute negligence, it is a fact to be found *610 by the jury on the evidence, and it is error for the court to instruct the jury that certain acts or omissions constitute negligence. In other words, unless the law has declared certain acts or omissions to be negligence per se, the existence or non-existence of it is a question of fact for the jury to determine, and not a question of law for the court to decide. [R. R. Co. v. Murphy, 46 Tex. 356; R. R. Co. v. Parker, 50 Tex. 330; R. R. Co. v. Miller, 51 Tex. 675; R. R. Co. v. Levi & Bro. 59 Tex. 674; R. R. Co. v. Simpson, 60 Tex. 103; R. R. Co. v. Wilson, 60 Tex. 142; R. R. Co. v. Davidson, 61 Tex. 204; ante, §§ 67, 209, 486.]
May 9, 1885.
§ 694. Erroneous charge not cause for reversal, when. In this case the court instructed the jury that if appellee, through its servants, failed to remain awake and keep watch during the night so as to prevent the ingress and egress of thieves and robbers, this would not be reasonable care, etc. And on the issue of contributory negligence, it instructed the jury that certain specified acts and omissions constituted such negligence. These charges were erroneous, and would ordinarily demand a reversal of the judgment. But in this case, there being a total want of evidence to show negligence on the part of appellee, the verdict of the jury could not have been for appellant without being contrary to both law and evidence. Appellate courts always refuse to set aside a verdict correct in itself, because of an error in the charge, when, if a correct charge had been given, the jury would have necessarily come to the same conclusion. [City of Galveston v. Morton, 58 Tex. 409; Merriweather v. Dixon, 28 Tex. 19; Com. Bank v. Jones, 18 Tex. 811; Devine v. Martin, 15 Tex. 26; James v. Thompson, 14 Tex. 463; Mims v. Mitchell, 1 Tex. 443; W. & W. Con. Rep. §§ 413, 626; ante, §§ 187, 490.]
Affirmed.