G., C. & S. F. R'y Co. v. Otto Holtcamp.

(No. 2682.)

Appeal from Austin County.   Opinion by Willson, J.

J. W. Terry, counsel for appellant.

Bell & Shelburne and Davis & Davidson, counsel for appellee.

§ 437. *Obstruction on public road where it crosses a railway; liability of railroad company for injuries caused by; case stated.*   This is a suit by appellee to recover of appellant the value of two horses killed by appellant's engine.   Appellee recovered judgment for said value and costs.   It sufficiently appears from the evidence that the horses were killed by the engine, and were of the value found by the jury.   The horses were killed at a point where a public road crossed the line of railway.   A crossing for said public road over said railway had been constructed by appellant ten or twelve feet in width; but said public road was sixty feet in width.   On the sides of the railroad track, extending from the public road crossing as constructed by appellant, for a distance of thirty feet to a cattle-guard, were embankments some four feet high, which had been placed there in making the road-bed, and which appellant had permitted to remain there.   These embankments were so close to the railroad track that a horse could not pass between them and a train on the track, and were of such character that a horse could not jump or climb over them so as to escape an approaching train.   The horses were killed in this *cul de sac*, which one of the witnesses characterized as "a trap for stock."   In his charge to the jury the trial judge instructed that "leaving obstructions along the railway track by a railway company, on a public road, across which the railway track passes, by which the danger to loose stock is unnecessarily increased, is such a want of care on the part of the railway company

as will render it liable for damages caused by reason thereof." *Held:* By statute it is made the duty of a railroad company in constructing a line of railway to restore a public road which said line crosses to its former state, or to such state as to not unnecessarily impair its usefulness. [R. S. art. 4170.]   A failure to perform this duty is negligence *per se.*   When a statute requires an act to be done, a failure to do it is negligence *per se,* and will be so declared as matter of law. [R'y Co. v. Wilson, 60 Tex. 142; 1 App. C. C. § 860; 2 App. C. C. § 205.] It was conclusively proved that appellant failed to perform said statutory duty with respect to said public road crossing, and it was not error for the court to instruct the jury that such failure was negligence, and rendered appellant liable for damages resulting therefrom.   The embankments not only impaired the use of the public road at said crossing, but rendered it dangerous for horses to pass over, except the narrow place constructed by appellant for a crossing.

February 20, 1889.                                    Affirmed.