FORT WORTH & D. C. R'Y CO. v. G. F. TOMLINSON.

(No. 6301.)

APPEAL from Wilbarger County. Opinion by WILL-SON, J.

J. M. O'NEAL, counsel for appellant.

No counsel appeared for appellee.

§ 114. *Negligence; a question of fact; burden of proof of; measure of damages.* Appellee recovered judgment against appellant for $260 damages for the destruction, by fire escaping from appellant's engine, of grass, and for injury to the sod, etc. The grass was on uninclosed land belonging to and used by appellee for pasture for his stock, but other persons' stock also pastured upon the same land. It was error to instruct the jury that, if they believed from the evidence that the grass was destroyed by fire in manner and form as charged in plaintiff's petition, a *prima facie* case of negligence and carelessness would be established against the defendant. Negligence was a question of fact, to be determined by the jury from the evidence, and it was wrong for the court to instruct that the matters alleged in the petition constituted negligence. Furthermore, as to a portion of the grass destroyed, there is no allegation in the petition that the destruction resulted from the negligence of ap-

pellant. [2 Civil Cas. Ct. App., §§ 64, 67, 209, 486, 693; Railway Co. v. Wilson, 60 Tex. 142; Railway Co. v. Davidson, 61 Tex. 204.]

Appellant requested a special instruction that the burden of proof of negligence was on plaintiff. This instruction the court refused to give the jury, and the refusal was error. [2 Civil Cas. Ct. App., §§ 64, 421.]

Appellant's special instructions 3 and 4, as to the measure of damages, and which the court refused to give the jury, are, we think, correct in principle, and applicable to the facts of this case, and it was error to refuse them [Railway Co. v. Schofield, 72 Tex. 496; Railway Co. v. Hogsett, 67 Tex. 685], inasmuch as the charge given by the court did not correctly state the measure of damages applicable to the facts proved.

May 16, 1890.                    Reversed and remanded.