## FLORES v. DUTY et al. (No. 1432.)

(Court of Civil Appeals of Texas. El Paso. March 1, 1923. Rehearing Denied March 22, 1923.)

**I. Appeal and error ⊜⇒742(1)—Propositions held not to present matters so as to warrant inquiry into evidence.**

Where appellant complains of refusal of court to give peremptory instruction for him in action on note, and his proposition is that the alteration of the name of the payee in the note was unknown to him at the time he purchased it, and that he was a purchaser in good faith for a valuable consideration, the reviewing court cannot inquire into whether the evidence is so conclusively in his favor as to require an instructed verdict in his favor, where that was not the only reason relied on by the defendants to support their proposition that appellant was not a holder in due course, and appellant did not by proposition present such other matters.

**2. Appeal and error ⊜⇒742(1)—Proposition not germane to assignment of error not considered.**

A proposition not germane to any assignment of error will not be considered.

Error from El Paso County Court, at Law; J. M. Deaver, Judge.

Suit by Manuel E. Flores against Frank C. Clayton and others upon a note payable to E. C. Duty. From an adverse judgment, plaintiff brings error. Affirmed.

S. J. Dodson, of El Paso, for plaintiff in error.

W. E. Rogers and W. J. Bryan, both of El Paso, for defendants in error.

HARPER, C. J. This suit was brought by Manuel Flores against Frank C. Clayton and wife, Ed L. Kline, P. E. McChesney, and E. D. Price upon a negotiable promissory note for $300, interest and attorney's fees, payable to E. C. Duty. Plaintiff alleged that he was a purchaser for value without notice and before due from the said E. C. Duty.

Ed Kline answered by general denial and non est factum.

Price and McChesney answered by: (a) General denial; (b) that they signed a note, as surety for Mrs. F. C. Clayton, payable to the El Paso Bank & Trust Company of El Paso, Tex., but that said note was never delivered; (c) that said note was signed for certain special purposes, not material here; (d) plea of non est factum.

Duty pleaded an agreement with plaintiff that he transferred without recourse.

The record fails to show any service or answer by Clayton and wife.

The court submitted only one issue to the jury, viz.:

"Do you find from a preponderance of the evidence that the plaintiff, Manuel Flores, is the holder in due course of the note herein sued on, as 'holder in due course' has been defined to you by the court?" Answer: "No."

[1] Appellant complains of the refusal of the court to give peremptory instruction for him. His proposition is:

"The alteration of the name of the payee in the note, having been made upon a printed form, before the sale of the note to plaintiff in error, who bought the same after such alteration, in good faith, for a valuable consideration, before

maturity, without knowledge of any fraud in such alteration or of any suspicious circumstances connected with such alteration, plaintiff below had a right to presume that such alteration was authorized and made before delivery of said note, and plaintiff in error was consequently a holder in due course under the Uniform Negotiable Instrument Act, and such alteration presented no defense under the uncontradicted evidence in the suit of plaintiff below."

The evidence shows the note to be negotiable; that it was signed by the makers under the circumstances and for the purposes pleaded by them in defense. The note is upon a printed form in which, as printed, the El Paso Bank & Trust Company is the payee. The latter was erased and the name E. C. Duty, as payee, written above it. The evidence is conflicting as to when this change was made, whether before or after signatures. The note was hypothecated with the bank by Duty for $100. The plaintiff, Flores, negotiated with Duty and the bank to purchase it for his son for $240 or $260, which was paid and the note transferred to the son by Duty, and the change as to payee had then been made. There is no evidence that the son had any knowledge of any infirmities or defenses, at the time he took it; but the affirmative evidence is that he did not have notice of any kind.

Flores, having heard that the makers would refuse payment, took the note up from his son, paying his money back, and this before maturity. As to this transfer plaintiff testified:

"I say that I found out before the note was due that it was no good."

But again he testified:

"No, I did not find out that they claimed there was some forgery, or anything like that, or fraud; what I found out was that it was not good, and that the defendants were not going to pay it, not necessary that there was fraud about it. All this was through my attorney. I never saw one of the defendants personally."

The proposition is predicated upon the question of the "alteration of the note," which was not submitted to the jury by the charge of the court, nor was it requested to be submitted so far as we are informed from appellant's brief, and as will be noted in the statement of defenses pleaded this is not the only reason relied upon by defendants to support their proposition that Flores was not a holder in due course, and appellant has not by proposition presented such other matters so that under the rules we can inquire into whether the evidence is so conclusively in favor of appellant in these respects as to require an instructed verdict in his favor, so it must be overruled.

The next proposition is:

"Second Proposition. The fact that the internal revenue stamp was placed on the note in question by the collector of internal revenue after the transfer of said note to plaintiff in error made plaintiff in error none the less a 'holder in due course' under the federal statutes, or the Uniform Negotiable Instrument Act, and presented no defense to the cause of action of plaintiff below."

[2] This is not germane to any assignment of error, so it is not considered.

Finding no error the cause is affirmed.