# PANHANDLE & S. F. RY. CO. v. OCAN.
## (No. 2372.)

(Court of Civil Appeals of Texas. Amarillo. March 11, 1925. Rehearing Denied April 8, 1925.)

**1. Master and servant ☞289(40)—Evidence held not to raise issue of discovered peril.**

In action for injuries sustained by section hand when struck by locomotive when he jumped from safety zone into place of danger, when startled by locomotive's whistle, evidence *held* not to raise issue of discovered peril.

**2. Master and servant ☞286(31)—Negligence as to persons on or near tracks question for jury.**

Railroad being required to exercise ordinary care to avoid injuring those on or near its tracks, its negligence ordinarily is a question of fact for jury.

**3. Master and servant ☞286(31)—Whether sounding whistle was negligence and was proximate cause of section hand's injury held for jury.**

In action for injuries sustained by section hand when struck by locomotive when he jumped from safety zone into place of danger, when startled by locomotive's whistle, whether

sounding the whistle at the time and under the circumstances was negligence and was proximate cause of plaintiff's injury *held* for jury.

**4. Master and servant ⟨key⟩297(2).— Findings section hand could have seen or heard train held not conflicting.**

In action for injuries sustained by section hand when struck by locomotive when he jumped into place of danger, when startled by locomotive's whistle, finding that plaintiff could have seen or heard approaching train if he had looked or listened *held* not to conflict with finding that in exercise of ordinary care he could have looked and listened, where he was in a place of safety when blast of whistle startled him.

**5. Master and servant ⟨key⟩297(2)—Findings section hand could have seen or heard train held not conflicting.**

In action for injuries sustained by section hand when struck by locomotive, finding that plaintiff could have seen or heard approaching train if he had looked or listened *held* not to conflict with finding that by exercise of ordinary care he could have known that train was approaching and passing platform on which he was then walking.

**6. Master and servant ⟨key⟩297(1)—Finding section hand was not required to walk near track held immaterial.**

In action for injuries sustained by section hand when struck by locomotive when he jumped from safety zone into place of danger, when startled by locomotive's whistle, finding that plaintiff was not required in discharge of his duties to walk near track on which train was approaching *held* immaterial, if he was in a place of safety where he testified that he had not heard the train.

**7. Master and servant ⟨key⟩296(1)—Charge explaining contributory negligence held properly given.**

In action for injuries sustained by section hand when struck by train, charge explaining contributory negligence was correctly given, where it appeared that plaintiff's failure to remain in a place of safety was due to negligent blowing of whistle, which so startled him that he could not be expected to exercise ordinary care.

**8. Master and servant ⟨key⟩226(1)—Risk of employer's negligence not assumed.**

Employee does not assume risk of his employer's negligence.

**9. Trial ⟨key⟩351(5)—Refusal to submit all of defendant's defenses as to contributory negligence by plaintiff in separate issues held not erroneous.**

In action for injuries, refusal to submit all of defendant's defenses as to contributory negligence by plaintiff in separate issues *held* not erroneous, where most of such defenses were embraced in defendant's special issues submitted by court, and were all comprehended in one general issue of whether plaintiff was contributorily negligent.

**10. Trial ⟨key⟩194(19), 215—Refusal of general charge held not erroneous where case submitted on special issues and charge was on weight of evidence.**

In action for injuries sustained by section hand when struck by train, refusal of general charge, that if it was reasonably apparent to engine operatives that plaintiff was ignorant of approaching train it was their duty to give signals, and that they might presume that plaintiff would heed them and keep in place of safety, *held* not erroneous, since case was submitted on special issues and charge would have been on weight of evidence.

Appeal from District Court, Randall County; Henry S. Bishop, Judge.

Action by Fabian Ocan against the Panhandle & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, and Madden, Adkins & Pipkin and Chas. H. Keffer, all of Amarillo, for appellant.

Underwood, Jackson & Johnson, of Amarillo, and R. L. Lester, of Canyon, for appellee.

HALL, C. J. The appellee sued the appellant company to recover damages in the sum of $8,000, as the result of personal injuries sustained by him when he alleges he was struck by one of defendant's freight trains at Canyon, Tex. The substance of his pleading is that appellant maintained and operated two railway tracks at its station in the town of Canyon, said tracks being within a few feet of each other, and that it had caused to be laid off and marked out upon the space between said railway tracks opposite the station what is commonly known as the safety zone; that said zone was designated by marks a few feet from each track; that the space between the two tracks was paved, and upon said pavement the marks designating the zone were made; that appellee was employed by appellant, as a member of its section gang, on the date of his injuries, and in the course of his employment was walking in the safety zone between said tracks, and at that time the agents and employees of appellant were operating a freight train over one of the tracks at a reckless rate of speed, and as it approached the station the operators negligently failed to reduce the speed of the train to a reasonable rate, and approached the station without giving the usual and customary signals by blowing the whistle and ringing the bell; that said train was approaching the station at about 12 miles per hour, and when it had reached a point near the station, and in a few feet of appellee, the employees of appellant suddenly and negligently blew several blasts of the whistle in quick succession, which terrorized, frightened, deafened, and greatly alarmed appellee, and caused him to be in sudden fear of

losing his life, and in such great fear that he undertook to reach a place of safety, and instantly turned and jumped, and, in so doing, his leg was caught under the wheels of the locomotive, rendering it absolutely necessary that he have his leg amputated above the knee; that he was otherwise cut, bruised, and mangled, and suffered a severe shock, and was rendered helpless and unable to do any work whatever; that it was the duty of appellant in blowing the whistle to use ordinary care, so as not to frighten and terrorize appellee; that the appellant failed to exercise ordinary care in blowing the whistle, in ringing the bell, and in reducing the speed of its train as it approached the station, and failed to exercise ordinary care by blowing the sudden blast of the whistle as it approached the station—all of which negligence was the proximate cause of appellee's injuries. The appellant answered by general and special demurrers, general denial, and charged plaintiff with contributory negligence in walking too close to the track, and in not remaining in the safety zone. It further charged that he failed to heed the warning signals which had been given him, and placed himself in a dangerous position. The case was submitted to the jury on special issues, and resulted in a verdict and judgment for appellee in the sum of $2,500.

The record discloses that appellant had two main tracks passing the station at Canyon; the main line track from Amarillo to Clovis was north of the branch line track which ran from Canyon to Plainview; between these two tracks there was a brick platform of considerable length, upon which the railroad company had painted two white lines parallel with the respective tracks for the purpose of providing between those lines what is known as the safety zone for trucks, passengers, and employees. It is conceded that one standing inside the safety zone would be in no danger from any kind of an engine or equipment used by the company and running on either of the tracks. The testimony practically, without contradiction, shows that at the time the whistle was blown the appellee was upon that part of the platform known as the safety zone.

Appellee testified that he was a section hand and had worked for appellant since 1914; that just prior to the accident he was walking west between the two tracks and between the two white lines; that he did not know a train was coming; he said:

"I heard the whistle blow at the same time I was struck, and I was going to turn around; I think the blowing of the whistle scared me. * * * When I got hurt, the last thing I remember is when I intended to turn to one side and the train struck me, and the first thing I remember after that I was in the depot."

[1] The fireman who blew the whistle referred to testified in substance that in approaching the depot from the east he saw the appellee and other section men walking along between the branch line and the main line; that he saw three men walking up between the danger lines marked out on the platform; that they were walking side by side, and he thought they were a little too close to the track upon which the train was approaching for their own safety; that he was ringing the bell and blowing the whistle at the same time; that all of the men might have been in the clear, but, the least move a man would make or lean over the least bit, he would be struck by the locomotive; that when the whistle was blown the engine was just in front of the telegraph operator's window, and about 100 feet from the section men; that Ocan stepped over in front of the train when it was almost even with him; that witness gave the warning blast as an added precaution; that Ocan might have been in the clear at the time, but he was so near the track that he was really in a dangerous position; that after the whistle was blown Ocan turned around, or started to turn around, and stepped on the white line just in time to get hit.

"I was trying to attract his attention to get him out; I did not know about his not being hurt if he had staid in the safety zone; he was in the safety zone; he seemed to be inside the danger lines; that is the way it looked to me; he was in the clear."

The testimony accords with that of all the other witnesses with reference to the location of appellee at the time the whistle was blown; the effect of the testimony being that appellee was not then, and had not immediately before that time, been in a position of imminent danger. The finding of the jury, that it did not appear from appellee's actions and movements that he would move from the safety zone into a place of danger, is supported by ample proof. Under this testimony, the issue of discovered peril is not in the case.

"The rule of law is well settled in this state that, in order for a recovery to be had under the doctrine of discovered peril, which eliminates the defense of contributory negligence, it must be made to appear that the injured party was in a place of imminent danger, and that the defendant, or those acting for it, discovered the dangerous situation of the injured party in time to have averted the injury by the exercise of proper care. Schaff v. Gooch (Tex. Civ. App.) 218 S. W. 783."

"We understand that, in order for a recovery to be had upon the doctrine of discovered peril, it must be made to appear by the evidence that the injured person was in a position of imminent danger, and that the defendant, or some one acting for him, actually discovered the perilous position of the injured party in time to have averted the injury by the exercise of ordinary care, and using all reasonable means then at hand. H. E. & W. T. Ry. Co. v. Barron (Tex. Civ. App.) 235 S. W. 335."

"The peril of the injured party is the real

foundation upon which the structure of this doctrine rests. The word 'peril' as used in the rule of discovered peril, humanitarian rule, or last chance doctrine means something more than a bare possibility of an injury occurring. State v. Trimble, 300 Mo. Sup. 92, 253 S. W. 1014."

If the appellee was not in a position of imminent danger, then no duty rested upon appellant's fireman to warn him by blowing the whistle. There is evidence to the effect that the whistle was unusual, as the section foreman testified that it was a short quick blast of the engine, and was such as he had never hear given any section man before.

[2, 3] The evidence is conflicting upon the question of how far the engine was from appellee at the time this blast of the whistle was given. The train was running at a speed of about 15 miles per hour, and when the whistle was blown appellee, who was going west, glanced over his left shoulder toward the direction from which the train was coming, and one witness testified the train was right on him as he looked and stepped; that he seemed to become confused and stepped over the danger line thereof and onto the track. Under the rule that a railroad company must exercise ordinary care to avoid injurying those on or near its track, negligence is in practically all cases a question of fact for the jury. The jury found that sounding the whistle at the time and under the circumstances, as shown by the evidence, constituted negligence and was the proximate cause of the appellee's injury. Since there is testimony sufficient to support findings, the first nine propositions are overruled. Barron v. Ry. (Tex. Com. App.) 249 S. W. 825; Trochta v. Ry., 218 S. W. 1038; Hines v. Arrant (Tex. Civ. App.) 225 S. W. 768; Ry. Co. v. Wilson, 60 Tex. 142; Ry. Co. v. Wall (Tex. Civ. App.) 110 S. W. 453; Ry. Co. v. Wagner (Tex. Civ. App.) 224 S. W. 377; Beaumont, etc., Ry. Co. v. Sterling (Tex. Civ. App.) 260 S. W. 320; Tex. Midland Ry. v. Byrd (Tex. Civ. App.) 110 S. W. 199.

[4, 5] In response to special issues submitted at the request of appellant, the jury found that appellee could have seen or heard the approaching train if he had looked or listened, and that in the exercise of ordinary care he could have looked and listened. In view of the fact that he was in a place of safety when the blast of the whistle startled him, it would seem to be immaterial whether or not he could have seen or heard the train. The fact that he was in a place of safety shows that up to the time the whistle was blown he was exercising all the care which the law required, and the findings are therefore not in conflict. Texas & N. O. Ry. v. Wagner (Tex. Civ. App.) 224 S. W. 377. This is also true of the finding that appellee, by the exercise of ordinary care, could have known that the train in question was approaching and passing the platform on which he was then walking.

[6] In response to defendant's special issues, the jury further found that it was not necessary for appellee, in the discharge of his duties as a section hand, to walk in close proximity to the track on which the train was approaching at the time and under the circumstances as disclosed by the evidence. The appellee testified that he had not heard the train, and, if he was in a place of safety, the matters embraced in this issue are immaterial.

[7] In response to appellant's special issues, the jury further found that appellee's failure to remain in a place of safety after such time as he saw, or could have seen, or heard, or should have heard, the approaching train was the cause of, and contributed to, his injury. Appellee's testimony that he had neither seen nor heard the train approaching the station is uncontradicted, and the issue as framed is more favorable to appellant than it should have been. The record and findings show that his failure to remain in a place of safety was due to the negligent blowing of the whistle, and so startled and confused him that he could not be expected to exercise ordinary care, and paragraph 3 of the court's charge explaining contributory negligence was, under the facts, correctly given. I. & G. N. Ry. Co. v. Neff, 87 Tex. 303, 28 S. W. 283.

[8-10] Appellant insists that because the jury found that, from plaintiff's knowledge and experience as a section hand, it was an obvious risk to him that he would be struck by a passing train in the course of the performance of his work, if he did not keep himself clear of the track when trains were passing; that upon the ground of assumed risk the judgment should have been for appellant. An employee does not assume the risk of his employer's negligence, and the jury's finding that appellee was not guilty of negligence in walking alongside the track at the time, and under the circumstances, as shown by the evidence, is conclusive of this contention. Appellant insists that the court should have submitted all of its defenses as to contributory negligence on the part of the appellee in separate issues; its special defenses being as follows:

"(1) That appellee assumed the risk of being struck by passing trains, if he placed himself too near the track; (2) that appellee voluntarily assumed a dangerous position on going to his work, when a safe course was open to him; (3) that appellee negligently walked so near the edge of the safety zone as to voluntarily place himself in a dangerous position; (4) that appellee could have seen and heard the approaching train, had he looked and listened, and that his failure to do so was negligence; (5) that appellee negligently failed to heed the signals given by the operatives of the

train; and (6) that the blowing of the signal blast of the whistle was caused by appellee, since by reason of the fact that he was walking so near the track upon which the train was approaching, as to lead the operatives of the train to believe that he might be struck by the passing train, if he did not move farther away."

As heretofore shown, most of these defenses were embraced in the appellant's special issues submitted by the court, and they are all comprehended in the one general issue No. 3 as follows: "Was the plaintiff guilty of contributory negligence?" No special issue was requested upon the matters numbered 6 above, but appellant requested the court to charge the jury that as a part of the law in the case, if it was reasonably apparent to the operatives of the engine that the plaintiff was ignorant of the approaching train, it was the duty of the operatives of the engine to give signals, and, upon the giving of such signals, the operatives of the engine had a right to presume that the plaintiff would heed them and keep himself in a place of safety. Since the case was submitted upon special issues, the giving of such a general charge would have been error, and it would have been upon the weight of the evidence, since the question of whether it was the duty of appellant's employees to blow the whistle at that particular time was the very question of negligence upon which the right of appellee to recover turned.

Because the case was submitted upon special issues, the court did not err in refusing to give appellant's special charge No. 8. The charge was also subject to the same objection as special charge No. 6.

What has heretofore been said disposes of all the remaining contentions urged in the brief.

We find no reversible error, and the judgment is affirmed.